Filed 2/9/22  P. v. Nicholas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091668 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F03179) |
| v. | |
| JOSEPH ELDRIDGE NICHOLAS, | |
| Defendant and Appellant. | |

In 1998, a jury found defendant Joseph Eldridge Nicholas guilty on two counts of first degree murder and attempted robbery.  The jury found true the special circumstances that the murder was committed during the commission or attempted commission of a robbery (Pen. Code, § 190.2, subd. (a)(17)(A))[1] and defendant committed multiple murders (§ 190.2, subd. (a)(3)).  The jury also found true the allegation that defendant

---

[1] Undesignated statutory references are to the Penal Code.

1

used a deadly weapon in the commission of the offenses. We affirmed that judgment in an unpublished opinion. (*People v. Nicholas et al.* (Sept. 21, 2000, C031099) [nonpub. opn.] (*Nicholas*).)

Defendant appeals from a postjudgment order denying his petition for resentencing on his murder convictions under section 1170.95. He argues the trial court erred by looking beyond the face of his petition without issuing an order to show cause, and determining he was ineligible for resentencing under this statute based on the jury's felony-murder special circumstance finding. We disagree and affirm.

## I. BACKGROUND

On October 2, 1998, a jury found defendant and his co-defendant guilty on two counts of first degree murder and one count of attempted first degree robbery. (*Nicholas, supra,* C031099.) The jury also found true special allegations that the murders were committed during the commission of the attempted robbery and multiple murders were committed, as well as allegations that defendant used a deadly weapon to commit the offenses. (*Ibid.*) The trial court sentenced defendant to consecutive life terms without the possibility of parole, plus 18 years. On appeal, we struck a five-year enhancement and affirmed the judgment as modified. (*Ibid.*)

On March 25, 2019, defendant filed a petition for resentencing of his murder conviction pursuant to section 1170.95. The court appointed counsel, the People responded to the petition, and defendant filed a reply. After briefing, the court denied the petition finding defendant was ineligible for relief under section 1170.95 based on the jury's special circumstance finding and the evidence supporting the findings of premeditation and deliberation. Thus, no order to show cause issued.

## II. DISCUSSION

A.    *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable

2

consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of

3

changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, former subd. (a); see Stats. 2018, ch. 1015, § 4.)

Once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, former subd. (c); see Stats. ch. 1015, § 4.)

B.      *Record of Conviction*

Defendant contends the trial court erred by looking beyond the petition to find he failed to present a prima facie case for relief under section 1170.95 without issuing an order to show cause. We disagree.

Our Supreme Court has explained that section 1170.95, subdivision (c) requires "only a single prima facie showing." (*People v. Lewis* (2021) 11 Cal.5th 952, 962.) A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p.

4

971.)  While appellate opinions "are generally considered to be part of the record of conviction.  [Citation.] . . . the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id.* at p. 972.)  Thus, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*)

Here, there was no error.  Defendant filed his petition, the court appointed counsel, the People opposed the petition, and defendant (through appointed counsel) filed a reply. The court then reviewed the record of conviction and based on the jury's verdict, which was upheld on appeal, the court found defendant failed to establish a prima facie case for relief under section 1170.95.  Our Supreme Court has made it clear this is the appropriate procedure under section 1170.95.  (*Lewis, supra*, 11 Cal.5th at p. 971.)

C.     *Special Circumstances*

Defendant also argues his felony-murder special circumstance finding does not preclude him from being resentenced pursuant to section 1170.95 because it was made before our Supreme Court clarified the meaning of "major participant" and "reckless indifference to human life" in the special circumstance statute in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  (See *In re Scoggins* (2020) 9 Cal.5th 667, 674 ["*Banks* and *Clark* clarified the meaning of the special circumstances statute"].)  We disagree.[2]

*Banks* and *Clark* both predate Senate Bill No. 1437.  "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and

---

[2] Defendant also challenges the trial court's finding that his conviction " 'still holds up' under current law, because 'the evidence presented at trial supports [the] murder convictions based on premeditation and deliberation.' "  Because we conclude the jury's special circumstances finding is sufficient to support the trial court's order, we need not address this claim on appeal.

5

are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437.  In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations].  By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law.  Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284 (*Galvan*).)  We agree with the *Galvan* line of decisions that an intact felony-murder special circumstance finding, even one from before *Banks* and *Clark*, precludes relief under section 1170.95.  (See *People v. Nunez* (2020) 57 Cal.App.5th 78, 83, review granted Jan. 13, 2021, S265918; *People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 457; *People v. Murillo* (2020) 54 Cal.App.5th 160, 167-169, review granted Nov. 18, 2020, S264978; *Galvan, supra*, at pp. 1142-1143; *People v. Gomez* (2020) 52 Cal.App.5th 1, 14-17, review granted Oct. 14, 2020, S264033.)  "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. . . .  The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison, supra*, at p. 461.)  The proper avenue for relief based on *Banks* and *Clark* is a petition for writ of habeas corpus.  (See *Galvan, supra*, at p. 1142.)

6

Defendant cannot challenge the robbery-murder special circumstance finding through section 1170.95.[3]

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Secrease* (2021) 63 Cal.App.5th 231, 259, review granted June 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 956, review granted Apr. 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 258-260, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93-94, review granted July 22, 2020, S262835; *People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1180, review granted June 24, 2020, S262011.) We, however, find the *Galvan* line of cases more persuasive.

---

[3] We reviewed the parties' supplemental briefs addressing recently enacted Senate Bill No. 775 and conclude the bill has no impact on this appeal.

## III.  DISPOSITION

The order denying the petition is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

KRAUSE, J.

8